MEEGAN v. GRUBBS.

ed, and offered evidence tending to show actionable negligence on the part of each of the defendants and that as a result thereof he sustained injuries and damages.

Each defendant denied negligence, claiming he was first on the bridge, and that the other was at fault. Motions for nonsuit were overruled. Dedmon introduced evidence; Wall did not.

·· The court submitted separate issues of negligence which the jury answered in favor of Dedmon and against Wall. From the judgment on the verdict, Wall appealed.

C. O. Ridings, Jack M. Freeman, Stover P. Dunagan, for plaintiff, appellee.

A. Clyde Tomblin, for defendant, appellant.

---

LESESNE LEWIS MEEGAN and TRYON BANK & TRUST COMPANY, A BANKING CORPORATION, AS TRUSTEE FOR LESESNE LEWIS MEEGAN v. FLETCHER JOURNEY GRUBBS.

(Filed 21 September, 1960.)

APPEAL by plaintiffs from Fountain, Special Judge, 6 June 1960 Special Term, of POLK.

This is an action to recover damages for personal injuries sustained in an accident which occurred between the plaintiff Mrs. Meegan and the automobile of the defendant, on the night of 1 June 1957, on U. S. Highway 16, between 40th and 41st Streets, approximately 141 feet south of 41st Street where it intersects with Highway 17, in the Town of Myrtle Beach, South Carolina. That portion of Highway 17 where the accident occurred is composed of two northbound lanes, separated by a grassy strip, approximately a car length in width, from the southbound lanes. The shoulder of the road east of the northbound lanes is about ten feet wide.

According to the evidence, the defendant was driving north in the right-hand lane. The plaintiff Mrs. Meegan was first observed on

the highway by the defendant when she was only ten feet away, and the defendant's car struck her. She was facing south.

The officer who investigated the accident found the defendant's automobile to be in good condition mechanically; there was a bent place on the right front fender and on the hood on the right front side. After the accident Mrs. Meegan was found on the dirt, off the right side of the highway. She was seriously injured. The plaintiff was 79 years of age on 17 January 1957.

At the close of plaintiffs' evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiffs appeal, assigning error.

*McCown, Lavender & McFarland; Gaines & Vermont for plaintiffs. Van Winkle, Walton, Buck & Wall, and O. E. Starnes, Jr., for defendant.*

PER CURIAM. The evidence offered in the trial below, in our opinion, was insufficient to make out a case of actionable negligence against the defendant under the South Carolina decisions. There is no evidence of excessive speed on the part of the defendant; neither is there any evidence as to how long the injured plaintiff had been on the highway prior to the accident. The plaintiff was not mentally competent to testify in the hearing below. Negligence is not presumed from the mere fact that an injury has been inflicted.

Affirmed.